DENNIS F. McGRATH v. GREAT NORTHERN RAILWAY COMPANY.

May 2, 1899.

Nos. 11,564—(100).

### Railway—Death by Wrongful Act—Negligence of Another Engineer—Question for Jury.

In an action to recover damages for the death of plaintiff's intestate, a locomotive engineer in defendant's employ, alleged to have been caused by the negligence of another engineer, also in defendant's service, it is *held*, that a case was made for the jury on the question of such negligence.

### Same—Error in Charge of Court.

But it is also *held* that the trial court erred when charging the jury, for which error a new trial must be had.

### Same—Evidence—Question for Jury.

When it appears from the evidence in such a case that plaintiff's intestate and the other engineer were double-heading a train, the former having charge of the locomotive in front and the latter of the one in the rear, and it also appears that through no fault of the engineer last mentioned the locomotive in front jumps the track, but the claim is that the death resulted from his subsequent negligence in the management of the second locomotive, the court must not assume in its charge to the jury that the death would not have ensued had there been no subsequent negligence. It is for the jury to determine from the evidence whether or not such subsequent negligence caused or contributed to the death itself.

Action in the district court for Clay county by the administrator of the estate of Henry Gowenlock, deceased, to recover $5,000 damages on account of the death of decedent. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for the amount demanded; and from an order denying a motion for a new trial, defendant appealed. Reversed.

*C. Wellington,* for appellant.

*Charles S. Marden* and *M. R. Tyler,* for respondent.

COLLINS, J.

For some time prior to March 6, 1897, Henry Gowenlock was a locomotive engineer in defendant's employ. Another engineer was

named Mason, and on the day last mentioned these two were double-heading a belated passenger train on the run from Barnesville to Grand Forks. Gowenlock was in front with a heavy passenger locomotive, while Mason had charge, behind him, of a lighter locomotive. Being in front, Gowenlock had exclusive control of the air brakes, and, as is customary when double-heading, set the pace and governed the train. There was deep snow in places. About 9 o'clock a. m. the train, going westerly, running from 15 to 30 miles an hour, approached the little station of Mallory, at which there was a side track. When about 324 feet east of the east switch, Gowenlock's locomotive struck a snow-drift, left the rails, ran along the ties to the switch, then followed the side track southerly for some 240 feet, and was finally overturned, both Gowenlock and his fireman being killed. Mason's locomotive kept on the main track until past the switch. It then ran off the rails, northerly, and into the ditch, about opposite the overturned locomotive.

This action was brought by the administrator of Gowenlock's estate to recover damages, and the verdict was for plaintiff. Although a number of charges were made in the complaint as to defendant's negligence, the case finally went to the jury solely upon the claim that Mason, the engineer in charge of the second locomotive, was negligent in failing to shut off steam, and to aid in stopping the train, when given a signal so to do by Gowenlock. There was no means of communication between these two engineers except by whistle, and there was evidence tending to show that immediately after his locomotive left the rails Gowenlock gave a short blast of the whistle, known as the stop or emergency signal. Mason testified that he did not hear this signal, nor did he know that there was anything wrong with the locomotive in front of him until his own left the rails, about 340 feet from where the former first went off the track. He was then thrown violently upon the deck of the cab. He did not shut off steam until his locomotive landed in the ditch. As before stated, Gowenlock controlled the air brakes, and there were none on the second locomotive. From the testimony it appeared that the air brakes had been set, and steam had been shut off, by Gowenlock, before his locomotive overturned, —just when was not shown.

After a careful examination of the evidence, we conclude that the verdict cannot be set aside on the ground, urged by counsel, that on the question of Mason's negligence it was wholly unsupported by the proofs. We decline to interfere on this ground, but a new trial must be had because of errors in the charge to the jury, duly excepted to by defendant's counsel, and presented by the record on appeal. The court charged, among other things:

"If you are satisfied from the evidence that this accident was caused from the carelessness of Mason in not applying his brakes, or that he continued, as it is undisputed that he did, to give full force to his steam,—because he testifies to that himself, and it is uncontradicted that a full head of steam was on his engine until it went off the track,—the company would be liable."

The error here consisted in charging that the carelessness of Mason in not applying his brakes would make the company liable, when, as a matter of fact, Mason had no control over the brakes, and, as a consequence, had none to apply. Any finding of negligence on the part of Mason predicated upon his conduct in respect to the brakes would be absolutely without evidence to sustain it. The court also charged, when speaking of the blowing of the whistle by Gowenlock:

"But if he did give the proper signal,—the signal for down brakes,—if that whistle was given, and the engineer on the second engine did not obey it, and through his negligence in that respect and in keeping on steam, the front engine was forced off the track, the company would be liable."

The point in this part of the charge is that defendant would be liable if, by reason of Mason's negligence in failing to observe the signal, or to shut off steam, the head locomotive was forced off the track. It was undisputed that no signal was given until after this occurred, nor was there any claim that a failure to shut off steam by Mason had anything to do with the jumping off the track by Gowenlock's locomotive. The negligence attributed and relied upon occurred afterwards, if at all. The language used was erroneous and misleading, because to some extent it assumed that Mason's negligence in failing to respond to the emergency signal was

the cause of the mishap to the head locomotive, which mishap was the primary cause of the death of plaintiff's intestate.

There is another part of the charge, in which the court referred to evidence tending to show that Gowenlock took every precaution to prevent the accident, that because of Mason's negligence these precautions were unavailing, and that through the negligence the former lost his life, which counsel has assigned as erroneous, and has argued at length. We express no opinion on this, because the exception taken at the trial was insufficient. It did not point out the error now claimed by counsel. But we will say that here, as in other parts of the charge, it seems to have been assumed that, if Mason was negligent, such negligence must have been the proximate cause of Gowenlock's death. Such an assumption was unwarranted, for Mason's negligence may have had nothing to do with the deplorable result. Gowenlock might have been killed had Mason been entirely free from negligence. Whether the negligence of the latter caused the death or contributed to it, was for the jury to determine from all of the facts in evidence. It should not have been assumed in the charge.

It is urged by counsel for plaintiff that, notwithstanding the objectionable features in the charge to which attention has been called, from the whole charge it is evident that defendant was not prejudiced. We cannot coincide in this view.

Order reversed, and a new trial granted.